Mr. Chief Justice Sharkey
delivered the opinion of the court.
This case involves a construction of a portion of the act of 1844, in relation to the sale of judgments for costs. The plaintiff claims to be the assignee of a judgment against the defendant and five other persons, which was sold under the act, and purchased by the defendant. The plaintiff, within the two years, offered to redeem by a tender of the purchase-money, with ten per cent, interest, which being refused, he moved the court for an execution, which was overruled. The single question presented is, Does the right of redemption exist when the judgment has been purchased by a defendant 1
The first section provides, “ That the plaintiff, whose judgment may have been sold, shall have two years to redeem such judgment: and the payment or tender by him, to the purchaser of said judgment, of the amount of the purchase-money with ten per cent., shall revive the said judgment in his favor, as though the same had never been sold.” Acts of 1844, p. 208. If the act contained no further provision on the same subject, no difficulty could arise; the right to redeem would be unquestionable. But it is denied on the strength of the subsequent provisions. The second section makes it the duty of the sheriff to' assign the judgment to the purchaser, and gives him the benefit of an execution in the same manner, as if the judgment had been recovered in his name. The fourth section provides, “ That if the defendant, where there is but one, or where there are more than one who' are principals, shall be the purchaser, the sale and assignment' by the sheriff to said defendants, or either of them, if more than one, shall operate as a complete satisfaction and extinguishment of said judgment or decree.” The subsequent part of the section prescribes a rule for contribution, and further, that a purchase by a surety shall also operate as an extinguishment. The twelfth section gives a scire facias within three years, when the judgment has been purchased by a defendant therein, on which it may be shown that the defendant, at the time of such purchase, or some other person for him, was possessed of property or effects other than the sum paid on such purchase $ and upon such showing, it *530 directs that the sale shall be vacated and the lien of the judgment revived.
There is great difficulty in arriving at the true meaning or intention of the legislature. The first section gives a general right to redeem, and without qualification this would confer the right as against any purchaser-. But the fourth section must be regarded as qualifying the general right. The language seems to be so plain as to leave no room for doubt. We cannot say that a certain act shall not amount to satisfaction, when the legislature has said that it shall. There might be some plausibility for saying, that the fourth section was designed to prevent one defendant from running an execution which he had purchased against his co-defendant, and yet we can scarcely feel Warranted in holding that to have been the intention. If that were the design, the legislature could have said so in so many words. So to construe the act, would be a departure from the language, without any certainty that we have reached the meaning. It is unsafe to depart from the language of the statute, and adopt a meaning which is doubtful. Besides, the twelfth section seems to have been intended to protect the plaintiff against a defendant who had become the purchaser. True, this section would afford him no remedy, unless he could show that the defendant had some other effects besides the amount invested in the purchase of the judgment, and the consequence is, that when a defendant, who has purchased a judgment against himself, has no effects at all, the plaintiff cannot reacquire his judgment. This effect seems to militate against the equal operation of the statute.
The validity of the statute is not questioned, nor are we called on to decide on the validity of the sale. We leave it to be .hereafter determined whether the act be valid, and particularly whether an order of sale can be made, without notice, to the plaintiff in the judgment.
Judgment affirmed.